**In the Matter of Nile STANTON**
**No. 684S253.**

Supreme Court of Indiana.

Feb. 24, 1987.

Ronald E. Elberger, Indianapolis, for respondent.

William G. Hussman, Jr., Staff Atty., Indianapolis, for the Indiana Supreme Court Disciplinary Com'n.

PER CURIAM

This case is before us on a petition for rehearing filed by the petitioner requesting that this Court reconsider its decision in *In the Matter of Nile Stanton* (1986), Ind., 492 N.E.2d 1056. We grant rehearing for the limited purposes of clarifying the ethical requirements applicable in instances where an attorney receives a flat fee in advance of performing the legal services.

This case arose and was decided under the Canons and Disciplinary Rules of the *Code of Professional Responsibility for Attorneys at Law.* Said *Code* has since been superseded by this Court's adoption of *Rules of Professional Conduct.* The disciplinary prohibitions in issue were governed by Disciplinary Rules 9–102(A)(2), 9–102(B)(3) and 2–109(A)(3) of the *Code;* these provisions correspond to Rules 1.15 and 1.16(d), respectively, of the newly adopted *Rules of Professional Conduct.*

In the disciplinary action from which this petition arose, the Respondent was charged under Count X of the complaint, with engaging in a "pattern of conduct" in violation of Disciplinary Rules 1–102(A)(4), (5) and (6). Among other arguments propounded under this charge, the Disciplinary Commission advanced the contention that, pursuant to Disciplinary Rules 9–102(A)(2) and 9–102(B)(3), the Respondent was required to segregate all advance fees received by him for criminal defense work and was prohibited from using such fees until they were earned. We found no misconduct under Count X and specifically noted that Disciplinary Rule 2–109(A)(3) set forth the duty of a lawyer with regard to the return of unearned fees. *In re Stanton* (1986), Ind., 492 N.E.2d 1056 at 1062. Nonetheless, there still appears to be some confusion as to the relationship of Disciplinary Rules 9–102(A)(2) and 9–102(B)(3) in comparison with Disciplinary Rule 2–109(A)(3).

Disciplinary Rules 9–102(A)(2) and 9–102(B)(3) (Now Rule 1.15; Safekeeping Property) refer to funds belonging to a client. These funds are often in the nature of settlements or other property received on behalf of a client. Professional standards under these rules require client's funds to be held separate and apart from funds belonging to the lawyer, even if a lawyer may have a present or potential claim for his fees. Complete records of client's funds must be kept and now preserved for five years after termination of representation. The above noted segregation of funds and accounting requirements are not applicable to attorney fees charged in advance for the performance of legal services. As noted in our prior opinion, Disciplinary Rule 2–109(A)(3) (Now Rule 1.16(D)) merely provides that upon termination of the professional relationship, unearned fees paid in advance must be returned. There is no requirement to segregate funds and the record keeping requirements mandated under this provision are limited to that which is necessary to fulfill this obligation.

In all other respects, the petition for rehearing is denied.